## STATE v. JOHNNIE MORRISEY.

### (Filed 26 September 1962.)

**Arrest and Bail § 6—**

In a prosecution for felonious assault upon a constable who was arresting defendant, the evidence disclosed that after the constable had hit defendant with a blackjack, defendant cut the constable with a knife several times, inflicting wounds requiring thirty-eight stitches to close. *Held:* The evidence was sufficient to be submitted to the jury notwithstanding defendant's contention that the arrest was unlawful, since even though the arrest were unlawful, whether defendant used more force than reasonably appeared to him to be necessary to prevent being taken into custody was for the determination of the jury.

APPEAL by defendant from *Bone, J.* April 1962 Criminal Term of DUPLIN.

The defendant was tried upon a bill of indictment which charged him with a felonious assault upon Earl Chesnutt. The State's evidence tended to show the following events:

On March 17, 1962, about 1:00 A. M., Earl Chesnutt, a constable of Magnolia Township and Chris Baysden, a uniformed policeman of Warsaw, were patrolling the streets of the town in a patrol car. The constable wore a badge and a gun but was not in uniform. The two officers observed an automobile in a gutter and stopped to investigate.

The defendant and two others got out of the car. The defendant appeared to the officers to be "under the influence of something." The constable told defendant he was under arrest for public drunkenness and took hold of his arm. The defendant broke away and, with the constable in pursuit, ran twenty-five yards and fell. After the constable helped him up, he and Officer Baysden brought defendant back to the patrol car and told him to get in. The defendant, using foul language, refused. Constable Chesnutt hit him with a blackjack. Defendant then produced a knife with a blade about four inches long and cut the constable in the head and in three places on the lower stomach. Thirty-eight stitches were required to close the wounds. A bystander took the knife from defendant, and he and another helped the police officer put defendant into the car. At the jail, a deputy sheriff who helped put him on the bed smelled whiskey on defendant's breath.

The defendant's evidence tended to show that he had drunk no intoxicants that evening but that the constable himself was drunk; that he knew Officer Baysden but did not know Chesnutt and had no idea he was an officer; that nobody told him he was under arrest for public drunkenness; that Chestnutt asked him if he were drunk and he replied that if he were there was a policeman present who could ar-

rest him; that Baysden was still in the patrol car when he ran; that when he fell Chesnutt kicked him and beat him with a blackjack; that he got his knife open and when Chesnutt jerked him up he "jabbed him a couple of times" after which he was put into the patrol car and carried to jail.

The jury returned a verdict of assault with a deadly weapon inflicting serious bodily injury. From the sentence imposed the defendant appealed.

*Attorney General Bruton, Assistant Attorney General Jones for the State.*

*W. G. Pearson, II, and C. C. Malone, Jr., for defendant appellant.*

PER CURIAM. The defendant's brief is devoted to the contention that his attempted arrest by Constable Chesnutt was unlawful and for that reason the trial judge erred in overruling his motion for nonsuit.

If Constable Chestnutt's attempt to arrest defendant was lawful, defendant was clearly guilty of an assault upon him. If the attempted arrest was unlawful, the defendant was permitted to use only such force as reasonably appeared to him to be necessary to prevent being taken into custody. *State v. Mobley,* 240 N.C. 476, 83 S.E. 2d 100.

According to the State's evidence, which we accept as true on the motion for nonsuit, after the constable hit defendant with a blackjack, defendant cut him once in the head and three times in the stomach. Thirty-eight stitches were required to close the wounds. A uniformed policeman was on the scene but defendant asked for no protection.

This evidence would require the submission of the case to the jury on the question of whether the defendant used excessive force even should it be conceded that Constable Chesnutt was unlawfully attempting to arrest him. The issue of his guilt was submitted to the jury under a charge which gave the defendant the benefit of every contention and inference arising from the evidence in his behalf. He took no exception to any of it. The record discloses that defendant has had a fair trial and that the jury decided against him.

No error.